IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MICHAEL MOORE, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | CRIMINAL NO. 97-362 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| ) | |

**M E M O R A N D U M   O P I N I O N**

      This matter is before the Court on Defendant Michael Moore's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the Court will deny the motion.

## I. Background

Moore was convicted by a jury on November 21, 1997 on three counts related to his distribution of cocaine and his involvement in a conspiracy to distribute cocaine. Moore's sentencing occurred on June 5, 1998, at which time this Court accepted the recommendations set forth in the presentence investigation report and sentenced Moore to 360 months imprisonment. The Court used section 2D1.1 of the applicable United States Sentencing Guidelines at the time to determine his sentence. Section 2D1.1 instructed application of the greatest of three different calculations to determine the base offense

level.  The Court utilized the calculation under 2D1.1(a)(3), which referred to a Drug Quantity Table set forth in 2D1.1(c).  The Drug Quantity Table mandated a base offense level of thirty-eight (38) for the Defendant.  The Court subsequently added a two-level enhancement pursuant to 2D1.1(b)(1) for possessing a dangerous weapon.  Thus, with a total offense level of forty (40) and a criminal history category I, the Guideline range amounted to 360 months to life imprisonment.

Defendant filed a motion to vacate, set aside, or correct his sentence on October 23, 2000, which the Court denied.  The United States Court of Appeals for the Fourth Circuit later denied his request for a certificate of appealability.  On February 6, 2006, the Defendant filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  This motion is currently before the Court.

## II. Analysis

Section 3582(c) states in pertinent part:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant action of the Sentencing Commission on which Defendant relies is Amendment 591, which

applies retroactively.  *See* U.S.S.G. § 1B1.10(c).  Amendment 591 instructs the court to apply the offense guideline referred to in the Statutory Index in Appendix A for the statute of conviction.  U.S.S.G. App. C, Amend. 591.  This amendment was in response to "case law that selected an offense guideline based on actual conduct not underlying the offense of conviction."  *United States v. Rivera*, 293 F.3d 584, 587 (2d Cir. 2002).

The Second Circuit and the Eleventh Circuit, as well as the Fourth Circuit in unpublished opinions, acknowledge that "Amendment 591 applies only to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level."  *Id.* at 586.  *See also United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Jones*, 143 Fed. Appx. 526, 528 (4th Cir. 2005); *United States v. Keating*, 101 Fed. Appx. 394, 395 (4th Cir. 2004).  In other words, arrival at a guideline sentence may be viewed as a two-step process, namely the selection of the applicable offense guideline and the selection of the base offense level within that applicable offense guideline.  Of these two steps, Amendment 591 only addresses the former.

Moore objects to the drug quantity the Court used in determining his sentence, as well as the enhancement based on the possession of a dangerous weapon.  He claims both the enhanced drug quantity and the dangerous weapon were uncharged and should

therefore not be considered in sentencing as mandated by Amendment 591.  The Defendant, however, misunderstands the meaning of Amendment 591, as did all of the petitioners in the above-cited cases.  Regardless of the titles he uses, Defendant complains of the base offense level rather than the offense guideline in the present motion.  Applying Amendment 591 correctly, the Defendant all but admits that his sentence was proper.  He states, "[t]he Statute of Conviction is Correct, §2D1.1 . . . ."  (Def.'s Mot. 5.)  The Court's selection of the offense guideline, here § 2D1.1, is all that Amendment 591 addresses.  All of the decisions following the selection of the offense guideline are irrelevant for Amendment 591 purposes.  Because Moore does not challenge the offense guideline used by the Court and because the offense guideline was proper, the motion will be denied.

### III. Conclusion

For the foregoing reasons, Defendant's motion to modify his term of imprisonment will be denied.  An appropriate Order will issue.


May _8__, 2006                    _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE